**Edward Walter MOORE, Petitioner,**

v.

**Bob TURNER, Sheriff of Oklahoma County, Oklahoma, Respondent.**

**No. A–14389.**

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1967.

Clay Wise, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., James L. Swartz, Asst. Dist. Atty., for respondent.

## MEMORANDUM DECISION BY ORDER

BUSSEY, Judge.

This is an original proceeding in which Edward Walter Moore seeks an order of this Court directing the dismissal of charges pending against him in the District Court of Oklahoma County, Oklahoma, Case No. 33192 and Case No. 33193, and a further order of this Court directing that the trial court enter an Order prohibiting the District Attorney from refiling said charges.

From the record it appears that the petitioner was arrested on December 13, 1966. He was charged with the offenses of Kidnapping and Possession of Marijuana, and bound over to the District Court and arraigned thereon on the 10th day of February, 1967. Thereafter, on application of the Assistant District Attorney, the cause was remanded in order to allow the State to amend the information to allege the former conviction of a felony. Petitioner was then bound over to the District Court without preliminary hearing and thereafter petitioner filed a Motion to Quash the information charging the former conviction of a felony. Over the objection of petitioner's counsel, this cause was again remanded for a new preliminary hearing at the conclusion of which the petitioner was again bound over to the District Court and the cause set for a jury trial. Thereafter, the petitioner filed a Motion in the trial court seeking dismissal of the charges against him alleging that he had been denied his right to a speedy trial. This Motion was overruled by the trial court and on the 4th day of August, 1967, petitioner instituted this proceeding.

We have carefully examined the record and are of the opinion that under the statutes of the State of Oklahoma, petitioner is not entitled to the relief prayed for. This Court, however, frowns upon the practice of keeping a prisoner in the county jail for a period of nine months prior to granting him a trial. We cannot condone the practice of the trial court's allowing the prosecuting authorities to amend informations charging the former conviction of felonies shortly before the case is called for trial, when said practice results in remanding the cause for a new preliminary hearing and thwarts both the right of the State and of the defendant to a speedy determination of the guilt or innocence of the accused. Neither the public interest nor that of the individual charged with the commission of a crime is served by such delays. In January, 1968 the Oklahoma Legislature will convene and we are confident that when this matter is called to their attention they will take appropriate action to insure speedier trials in the interest of the State and the accused.

Under the record before us, the relief prayed for is denied, and the temporary order staying the proceedings in the District Court of Oklahoma County, Cases No. 33192 and 33193, is vacated.